IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELVON MORGAN,

        Plaintiff,                    No. S-09-1199 CKD P

    vs.

RICK HILL, et al.,

        Defendants.            <u>ORDER</u> <u>AND</u>

                                            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the amended complaint filed October 29, 2009 (Dkt. No. 9 ("Cmplt.").) On May 13, 2010, the previously assigned magistrate judge ruled that the complaint stated a cognizable claim for relief under section 1983 and arising under the Equal Protection Clause of the Fourteenth Amendment against defendant Mike Evans, then the warden at Folsom State Prison. (Dkt. No. 10.) By order issued October 19, 2010, defendant Rick Hill, the current warden at FSP, was substituted for defendant Evans under Federal Rule of Civil Procedure 25(d); however, the order instructed that defendant Evans would remain in the action "for any remaining claims against him in his individual capacity." (Dkt. No. 16.)

\\\\

Pending before the court is defendants' March 8, 2010 motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 25 ("Mot.").) Plaintiff has filed an opposition to the motion, and defendants have filed a reply. (Dkt. Nos. 27-29.) For the reasons set forth below, the undersigned will recommend that defendants' motion to dismiss be granted.

## BACKGROUND

Plaintiff, an inmate at Folsom State Prison, alleges that defendants are "denying [him] the right to participate in the [overnight] family visiting program, while inmates similarly situated are being granted an opportunity to participate in the program. Thus I am being treated differently and unfairly, which violates my right to equal protection under the Fourteenth Amendment." (Cmplt. at 3.) Plaintiff cites California Code of Regulations, Title 15 section 3177, which states in part:

> Institution heads shall maintain family visiting policies and procedures. Family visits are extended overnight visits, provided for eligible inmates and their immediate family members, commensurate with institution security, space availability, and pursuant to these regulations.

(Id.) Section 3177 further provides:

> (b) (1) Family visits shall not be permitted for inmates convicted of a violent offense involving a minor or family member or any sex offense . . .
>
> (A) Inmates may be prohibited from family visiting where substantial documented evidence or information of the misconduct described in section 3177(b)(1) exists, without a criminal conviction. . . .
>
> (B) Family visiting shall be restricted as necessary to maintain order, the safety of persons, the security of the institution/facility, and required prison activities and operations[.]

15 CCR 3177(b).

Attachments to the amended complaint indicate that, in October 2006, plaintiff filed an administrative appeal while housed at the Sierra Conservation Center in Jamestown,

California, in which he sought approval for overnight family visits. (Cmplt. at 4[1].)  In December 2006, a correctional counselor, M. Cooper, issued a first-level response to plaintiff's appeal that stated in part:

> A review of your central file and case factors reflect the following: . . . [T]he [Classification] Committee temporarily denied family visiting privileges pending arrest report review for a January 10, 1997, arrest for PC 422, threatening crime with intent to terrorize and PC 243(E) battery on non-cohabitant former spouse, noting both counts were dismissed. [In September 2006], . . . the Committee reviewed arrest report information for aforementioned charges.
>
> The report reflects that you slapped, choked and threatened to kill your ex-girlfriend.  Based on this information Committee elected to continue denial of family visiting privileges.

(Cmplt. at 11.)  Cooper's response cited CCR section 3177 (b)(1)(A), providing that inmates may be denied family visitation "where substantial documented evidence exists, without a criminal conviction," that the inmate committed a violent offense involving a minor or family member. (Id. (emphasis in Cooper's original).)  The response also noted that the "personal safety" of the public and visitors was one of the primary objectives of classification.  (Id.)

Plaintiff sought review of his appeal, and on February 8, 2007, a second-level response by Chief Deputy Warden S.J. Mendoza Salinas stated that, while both 1997 domestic violence charges against plaintiff were dismissed, "[t]he report reflects you slapped, choked, and threatened to kill your ex-girlfriend.  Based on this information the UCC elected to continue the denial of your family visits[]" in order to protect the public. (Id. at 12.)  Plaintiff appealed the issue again and, on November 7, 2007, N. Grannis, Chief of the Inmate Appeals Branch, issued a Director's Level response stating that, pursuant to CCR section 3177, the classification committee determined that, based on his arrest report, plaintiff "meets the criteria for restricted family visiting."  "The safety of the institution and community come first," the response stated.

---

[1] Citations refer to page numbers assigned by the court's docketing system.

1  (Dkt. No. 1 at 14.[2])

2  Plaintiff initiated this action on May 1, 2009 by filing the original complaint. On
3  October 28, 2009, he filed the amended complaint on which this action proceeds  As noted
4  above, defendants filed a motion to dismiss on May 8, 2011, followed by plaintiff's opposition
5  and defendant's reply.

## DISCUSSION

### I. Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace

---

[2] For purposes of summarizing the entire administrative record in ruling on the motion to dismiss, the undersigned takes into account the Director's Level response attached to plaintiff's original complaint filed May 1, 2009, even though that is no longer the operative complaint.

4

those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

II.  Equal Protection Claim

Plaintiff maintains that he is being denied overnight family visits while "similarly situated" inmates are permitted such visits, in violation of the Equal Protection Clause of the Fourteenth Amendment.  He asserts that he was not arrested or convicted for a violent offense against a "family member" as described in CCR section 3177(b); rather, his reported violence in 1997 concerned a girlfriend and never resulted in a conviction.  (Cmplt. at 9.)  Thus, plaintiff contends, defendants "created new regulations" which apply only so as to bar him personally from overnight family visits.  (Dkt. No. 28 at 2.)

The essence of the Equal Protection Clause is that "the State must govern impartially."  Jones v. Helms, 452 U.S. 412, 423 (1981) (internal quotation omitted). Accordingly, the clause "provides a basis for challenging legislative classifications that treat one group of persons as inferior or superior to others, and for contending that general rules are being applied in an arbitrary or discriminatory way."  Id. at 423-24.  The equal protection guarantee "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Nevertheless, the equal

protection clause "does not forbid classifications" even though those classifications "in practice ... result in some inequality." Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) (internal quotations omitted).

If a particular legislative classification is based on an inherently suspect classification or impinges on the exercise of a fundamental right, then the state must show that the classification is precisely tailored to serve a compelling governmental interest. Plyler v. Doe, 457 U.S. 202, 216-17 (1982). Prisoners, however, are not a suspect class. See Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999). Prisoners do not have a fundamental right to a particular kind of visit or to a visit with a particular person. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 461 (1989) ("the denial of prison access to a particular visitor is 'well within the terms of confinement ordinarily contemplated by a prison sentence' ").

"[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." Heller v. Doe, 509 U.S. 312, 319 (1993). Nevertheless, "[t]here must be a rational basis for distinctions by prison officials in the application of visitation policies to similarly situated inmates." Africa v. Vaughan, 998 F.Supp. 552, 554 (E.D. Pa. 1998); see also Daniel v. Rolfs, 29 F.Supp.2d 1184, 1188 (E.D. Wash.1998). However,

> equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines or infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

Federal Communications Commission v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).

In Bills v. Dahm, 32 F.3d 333 (8th Cir. 1994), the Court of Appeals considered a prison policy that permitted some incarcerated mothers to have overnight visits with their children while denying incarcerated fathers the same type of visitation. The court found that

"because [it] could make a case for the relationship between the official action" and the legitimate penological objective of security, there was no equal protection violation. Id. at 336.

In this case, prison officials had a rational basis for declining to extend overnight family visitation privileges to plaintiff. Although his past violent behavior did not technically concern a "family member" but a girlfriend, such behavior reasonably could be seen as predictive of violent behavior toward a spouse or other immediate family member. California Code of Regulation section 3177(b)(1)(B) provides that family visiting "shall be restricted as necessary" to maintain order, safety, and security. There was no need for prison officials to "create new regulations" only applicable to plaintiff, as plaintiff contends; rather, their decision fell well within the parameters of CCR section 3177(b) and was rationally based on public safety concerns.[3] Thus, the court will recommend that defendants' motion to dismiss the complaint for failure to state a claim be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that defendant's March 8, 2011 motion to dismiss (Dkt. No. 25) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\

---

[3] This being so, the court need not reach defendants' arguments that they are entitled to qualified immunity and, alternatively, cannot be held liable under section 1983 because they were not personally involved in the decision to deny plaintiff's request for overnight family visits.

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: October 31, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
morg1199.mtd